**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5541-16T3

U.S. BANK NATIONAL
ASSOCIATION, as Trustee for
Asset Backed Securities Corporation
Home Equity Loan Trust, Series
OOMC 2006-HE5, Asset Backed
Pass-Through Certificates, Series
OOMC 2006-HE5,

     Plaintiff-Respondent,

v.

SABELLE K. JELANI, RIDINGS
HOMEOWNERS ASSOCIATION,
PLYMOUTH PARK TAX SERVICES,
LLC and VIRTUA MEMORIAL
HOSPITAL,

     Defendants,

and

AHMED JELANI,

     Defendant-Appellant.

_____

Submitted October 31, 2018 – Decided December 3, 2018

Before Judges Koblitz and Currier.

On appeal from Superior Court of New Jersey, Chancery Division, Burlington County, Docket No. F-009298-15.

Ahmed Jelani, appellant pro se.

Blank Rome, LLP, attorneys for respondent (Matthew M. Maher, on the brief).

PER CURIAM

In this residential foreclosure action, defendant Ahmed Jelani appeals the February 12, 2016 order striking his answer. An uncontested order for final judgment was entered in July 2017. After a review of defendant's contentions in light of the record and applicable legal principles, we affirm.

In 2006, Sabelle Jelani, defendant's wife, executed a note to Option One Mortgage Corporation for $627,950. The note was secured by a mortgage, which was executed by defendant and Sabelle to Option One. Defendant and Sabelle defaulted on their obligations under the note and mortgage on October 1, 2008. In 2009, Option One assigned the mortgage to plaintiff U.S. Bank National Association.[1]

---

[1] American Home Servicing, Inc., Option One's successor-in-interest, assigned the mortgage to plaintiff. Sand Corporation f/k/a Option One, as successor-in-interest of Option One, executed a corrective assignment in 2011.

2

A-5541-16T3

A complaint for foreclosure was filed on March 16, 2015. Defendant filed a contesting answer with affirmative defenses, including allegations challenging plaintiff's standing and a claim he was not provided with the Notice of Intent to Foreclose (NOI). A case management order set discovery deadlines for document production, interrogatory responses, and completion of depositions.

Defendant requested plaintiff produce its representative who had prepared the Certification of Diligent Inquiry attached to the complaint. Plaintiff objected, advising the deposition was unwarranted as any information defendant sought would be provided in the written discovery. Although defendant moved to compel the requested deposition, he later withdrew his motion after receiving plaintiff's written discovery. Defendant advised, in his letter to the court, the parties had agreed "to discuss scheduling the deposition" of plaintiff's corporate representative.

In December 2015, plaintiff moved to strike defendant's answer and for summary judgment in foreclosure. The supporting certification included copies of the original note and mortgage, assignment of the mortgage, and NOI. Defendant did not oppose the motion.

During oral argument in February 2016, the court permitted defendant to present his arguments in opposition to the motion. Defendant contended the

3

motion should be dismissed as plaintiff had not produced the requested representative for deposition, and had not provided the proper documentation to establish it was the "lawful owner" of the mortgage. The Chancery judge found defendant's assertions lacked credibility and noted she had not issued an order entitling him to the requested deposition.

In a written statement of reasons and order issued February 12, 2016, the judge granted plaintiff's motion to strike the answer. The judge found plaintiff had established a prima facie right to foreclose on the property. She further found defendant's answer "failed to create any issue regarding the validity of the Mortgage and [p]laintiff's right to foreclose it, as required by R[ule] 4:64-1(c)(2)."

On appeal, defendant contends the trial judge disregarded the "deposition agreement" between plaintiff and defendant, abused its discretion in granting plaintiff's motion to strike, and failed to comply with its obligations under Rule 1:7-4. We are unpersuaded by these arguments.

In order to have standing, the "party seeking to foreclose a mortgage must own or control the underlying debt." Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011) (quoting Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 327-28 (Ch. Div. 2010)). Standing is conferred by "either

possession of the note or an assignment of the mortgage that predated the original complaint." Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) (citing Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 216 (App. Div. 2011)).

Here, we are satisfied that plaintiff established a prima facie case for foreclosure. Plaintiff clearly demonstrated its standing to foreclose on the property as the assignment of the mortgage from Option One's successor predated the March 2015 filing of the foreclosure complaint. Upon that assignment, and underlying transfer of possession, plaintiff became the holder of the instrument. Additionally, plaintiff provided the original note to the judge during the oral argument of the motion.

Defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5541-16T3